**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS THAMAS,<br><br>             Plaintiff,<br><br>   v.<br><br>IMAM ABDUL MALIK SAAFIR, et al.,<br><br>             Defendants.<br>_____ | No. C 06-0184 MMC (PR)<br><br>**ORDER DENYING MOTION TO COMPEL; LIFTING STAY; SETTING BRIEFING SCHEDULE ON MOTION FOR SUMMARY JUDGMENT**<br><br>**(Docket No. 15)** |

On January 11, 2006, plaintiff, a California prisoner currently incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against Imam Abdul Malik Saafir ("Saafir"), Sergeant M. J. Kircher ("Kircher"), and Captain G. Ponder ("Ponder"), all SVSP officials, alleging said defendants denied him access to Jumu'ah religious services mandated by his Muslim faith. On November 27, 2006, defendants filed a motion for summary judgment. On January 11, 2007, the Court stayed the motion for summary judgment pending resolution of plaintiff's motion to compel further discovery, filed November 9, 2006.[1] On January 29, 2007, defendants filed an opposition to plaintiff's motion to compel, and on February 9, 2007, plaintiff filed a reply.

**DISCUSSION**

On August 27, 2006, plaintiff served a Request for Production of Documents on each of the three defendants, pursuant to Rule 34 of the Federal Rules of Civil Procedure. On

---

[1] Plaintiff's motion to compel and memorandum in support thereof are attached to his "Declaration . . . . in Support of Efforts to Obtain Copies of Motion to Compel and Accompanying Papers," filed November 9, 2006 (Docket No. 15).

September 25, 2006, each of said defendants served plaintiff with a response to plaintiff's discovery requests and jointly provided him with 25 pages of documents. (Trace Maiorino ("Maiorino") Decl. Exs. A-E.)[2] On January 26, 2007, defendants served plaintiff with supplemental responses wherein defendants identified additional documents responsive to plaintiff's requests, which documents were served upon plaintiff on November 27, 2006 in conjunction with defendants' motion for summary judgment. (Id. Exs. F-H.) In the instant motion to compel, plaintiff seeks an order directing defendants to provide further responses to four specific requests contained in his August 27, 2006 Request for Production. The Court addresses each of the four requests in turn.

In Request No. 1 to Saafir, plaintiff requested "the Five Pillars of Islam." (Id. Ex. A at 2.) In response to said request, defendants produced a printout from a website on Islam listing the "Five Pillars" of Islam. (Id. Ex. D at AGO 0001.) Plaintiff complains that defendants' response does not include "the contents and summary relative to each of the five Pillars of Islam." Plaintiff's position is not well-taken. To begin with, plaintiff's request did not clearly indicate that he sought the "contents and summary" of each of the "Five Pillars," only that he sought the "Five Pillars of Islam," which defendants provided. Plaintiff does not make clear what documents, if any, would include the contents and summary he seeks, and defendants cannot be required to speculate as to the nature of the documents plaintiff seeks.[3] Moreover, plaintiff does not explain the relevance of the "contents and summary" of the "Five Pillars" to his claims herein. In their motion for summary judgment, defendants do not dispute plaintiff's assertion that his participation in Jumu'ah services is mandated by the Islamic faith, see, e.g., Mayweathers v. Newland, 258 F.3d 930, 937-38 (9th Cir. 2001) (finding discipline of inmates for missing work to attend Jumu'ah (Sabbath) services

---

[2] Maiorino has filed several declarations in this action. Unless otherwise indicated, the Maiorino declaration referenced herein is the declaration of January 29, 2007, filed in support of defendants' opposition to the motion to compel.

[3] To whatever extent plaintiff seeks greater elaboration of the five Pillars of Islam, there is no indication that he cannot obtain such information more readily from sources other than defendants.

2

interfered with conduct mandated by Muslim faith), and plaintiff does not indicate what other relevant evidence could be obtained by his receipt of the "contents and summary" to which he alludes. Consequently, defendants will not be compelled to provide a further response to said discovery request.

In Request No. 2 to Saafir, plaintiff requested "the agreement" between Saafir and SVSP "in relation to conducting Islamic Services" at SVSP. (Maiorino Decl. Ex. A at 2.) In response, defendants stated there is no such "agreement," and instead produced documents outlining Saafir's job description and responsibilities as the Muslim Chaplain at SVSP. (Id. Ex. D at AGO 0002-0003, Ex. E at AGO 0025.) Plaintiff's assertion that "there has to be an agreement" between Saafir and SVSP is no more than speculation; plaintiff provides no support for his conclusion as to the existence of a written employment "agreement" or contract between Saafir and SVSP. Given the absence of any indication that the "agreement" plaintiff seeks in fact exists, and because the documents outlining Saafir's job description and duties are responsive to plaintiff's request, defendants will not be compelled to provide a further response to said discovery request.

In Request No. 1 to Ponder, plaintiff requested "each and every document that supports" defendants' defenses to this action. (Id. Ex. B at 2.) Defendants objected on the grounds such request is too vague. A request for production of documents under Rule 34 must be made with "reasonable particularity." Fed. R. Civ. P. 34(b). Plaintiff's request does not contain any particulars and, consequently, does not satisfy Rule 34(b). Additionally, the Court notes that defendants initially served upon plaintiff numerous documents related to his claims (see id. Ex. D at AGO 0001-0024, Ex. E at AGO 0025), and later, in conjunction with their motion for summary judgment, provided him with all additional documents relied upon to support their motion, (see Declarations filed 11/27/06 by Maiorino, Saafir, Ponder, and Kircher, and exhibits attached thereto). Plaintiff does not identify what, if any, additional documents defendants might possess that "support" their defenses to this action. Consequently, defendants will not be compelled to provide a further response to said discovery request.

Finally, in Request No. 2 to Kircher, plaintiff requested "Daily Activity Report (DAR) Forms" from November 19, 2004, November 26, 2004, and December 3, 2004. (Maiorino Decl. Ex. C at 2-3.) Kircher, in his supplemental response to plaintiff's discovery request, stated he has conducted a "diligent search and reasonable inquiry of all available sources" but could not locate the forms plaintiff sought, and as a result the documents are not in his "possession, custody or control." (Id. Ex. H at 1-2.) Such explanation satisfies defendants' obligation under Rule 34. See Searock v. Stripling, 736 F.2d 650, 654 (11th Cir. 1984) (finding defendant's statement as to "inability, after a good faith effort, to obtain" requested documents satisfied Rule 34). Consequently, defendants will not be compelled to provide a further response to said discovery request.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion to compel discovery is hereby DENIED, and the stay with respect to their motion for summary judgment is hereby LIFTED.

2. Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date this order is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

4

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and the granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

3.  Defendants shall file a reply no later than **fifteen (15) days** after plaintiff's opposition is filed.

4.  The motion will stand submitted as of the date the reply is due.  No hearing will be held on the motion unless the Court so orders at a later date.

This order terminates Docket No. 15.

IT IS SO ORDERED.

DATED: April 9, 2007

_____
MAXINE M. CHESNEY
United States District Judge